[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
After dissolution decree, incorporating the terms of a separation agreement ordering the sale of a family home, the defendant wife moved for an order to assist in effectuating the sale by setting a listing price.
The dissolution decree, as per the terms of the agreement, that "The Husband alone shall determine the listing price of the home, which shallbe calculated to produce the maximum sales price, and shall alone determine the sales commission for the home, which shall not be less than 4%." (Emphasis supplied.)
The plaintiff argued that his right to set the price was absolute, and wished to set an asking price high enough to insure that there would be funds available to him from the proceeds of the sale. However, the price at which he wished to list the property was outrageously high to a degree CT Page 7666 that it would prevent the house from selling. Based upon the credible expert testimony, the fair market value of the property at the time of the hearing was $1,825,000, the appropriate listing price was between $1,950,000 and $1,995,000, and homes in this subdivision which are overpriced sit on the market for a very long time until the price gets reduced and are usually sold at a price lower than if they had been priced properly initially.
Mr. Castells wanted to list the house at a price between $2,600,000 and $2,700,000. This price was not calculated "to produce the maximum sales price" but rather on the wish, prayer and dream of a sale at a price far above market value which would enable him to receive some proceeds from the sale.
The court stated, at the close of the hearing:
"The court will find that based upon the evidence presented that the plaintiff has intentionally violated and breached the terms of the agreement and court order by setting the price which will effectively insure that the house will not sell now and will not sell for a considerable period thereafter because of the formula for reduction of listing price contained in paragraph small i — — small h of paragraph eight of the agreement. Therefore, the court will order that the property be listed immediately at a price of two million dollars. you very much." (Transcript p. 80, 5/2/02 — copy attached).
Hiller, J. CT Page 7676